```
1  DANIEL J. BRODERICK, Bar #89424
   Federal Defender
2  DOUGLAS J. BEEVERS, USVI Bar #766
   Assistant Federal Defender
3  Designated Counsel for Service
   801 I Street, 3rd Floor
4  Sacramento, California 95814
   Telephone: (916) 498-5700
5
   Attorney for Defendant
6  TIMOTHY GEVOCK
7
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. CR S-11-0526 JAM |
| ) | |
| Plaintiff, ) | PROTECTIVE ORDER CONCERNING |
| ) | DIGITAL MEDIA CONTAINING CHILD |
| v. ) | PORNOGRAPHY |
| ) | |
| TIMOTHY GEVOCK, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**ORDER**

IT IS HEREBY ORDERED AS FOLLOWS:

1. The United States Department of Homeland Security, Immigration and Customs Enforcement agents shall make a duplicate copy of the hard drive and any other storage media available for defense analysis.

2. The duplicate copies of the hard drive and storage media shall be made available for defense counsel, Douglas J. Beevers, defense paralegal Julie Denny or another member of the defense team, and defendant's proposed expert, Marcus Lawson or a colleague at the same employer, Global CompuSearch LLC, to review at the

Sacramento High Tech Task Force offices in Sacramento, California for the purpose of preparing for the defense of the above-entitled action. The images on the hard drive and storage media shall not be viewed by any other person.

3. A private room will be provided for the defense examination. No Government agents will be inside the room during the examination;

4. The expert will be permitted to bring whatever equipment, books, or records he believes may be necessary to conduct the examination;

5. Neither the defense expert nor defense attorneys nor the defense paralegal shall remove the hard drive or other storage media from the confines of the law enforcement office.

6. With the exception of materials which would be considered child pornography under federal law (including visual depictions and data capable of conversion into a visual depiction), the expert may download and remove files or portions of files, provided the forensic integrity of the hard drive is not altered. The expert will certify in writing (using the attached certification), that he has taken no materials which would be considered child pornography, or data capable of being converted into child pornography, (under federal law) and that he has not caused any child pornography to be sent from the law enforcement premises by any means including by any electronic transfer of files.

7. Except when a defense expert fails to provide this certification, no Government agent, or any person connected with the Government, will examine or acquire in any fashion any of the items used by the expert in order to conduct the defense analysis.

Should a defense expert fail to certify that the expert has not copied or removed child pornography, or data capable of being converted into child pornography, Government agents may then inspect or examine the materials in order to ensure that prohibited child pornography has not been removed.

8. When the defense indicates that it is finished with its review of the copy of the hard drives, the drive(s) or other storage devices shall be "wiped" clean.

9. Any disputes regarding the above or problems implementing this order shall be brought to the attention of the court through representative counsel after first consulting opposing counsel.

IT IS SO ORDERED:

Dated: _3/5/2012_____    _____

/s/ John A. Mendez
Honorable John A. Mendez
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR S-11-0526 JAM |
| Plaintiff, | ) | |
| v. | ) | |
| DOUGLAS J. BEEVERS, | ) | |
| Defendant. | ) | |

CERTIFICATION

I, _____, certify under penalty of perjury that I have not copied or removed any images of child pornography or data capable of being converted into images of child pornography, or caused the same to be transferred electronically (or by any other means) to any other location, during the course of my review of the evidence in this case.

Date: _____    _____